UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERTA BUCKLEY, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:09CV692 JCH |
| | ) |
| STARWOOD HOTELS & RESORTS | ) |
| WORLDWIDE, INC., | ) |
| | ) |
| Defendant(s). | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Starwood Hotels & Resorts Worldwide, Inc.'s ("Starwood") Motion to Dismiss Plaintiff's Amended Complaint, filed July 23, 2009. (Doc. No. 10). The matter has been fully briefed and is ready for disposition.

**BACKGROUND**[1]

Plaintiff Roberta Buckley ("Buckley" or "Plaintiff"), is a Missouri resident. (Amd. Compl., ¶ 1). Plaintiff entered into a contract with Starwood, a Maryland corporation, which entitled Plaintiff to a timeshare ownership in the Sheraton Hacienda del Mar Resort in Los Cabos, Mexico ("Hacienda del Mar"). (Id., ¶¶ 2-3).[2] Plaintiff subsequently traveled to Hacienda del Mar where, on June 17, 2007, she fell on a curved section of grade change. (Id., ¶ 6). As a result of her fall Buckley sustained various injuries, which required extensive medical treatment and which are permanent, progressive, and disabling. (Id., ¶ 9).

---

[1] The Court's background section is taken from Plaintiff's Amended Complaint, to which Starwood has not yet filed an answer.

[2] Plaintiff alleges the contract between Plaintiff and Starwood was executed at her home in Missouri. (Amd. Compl., ¶ 3).

Buckley filed an Amended Complaint with this Court on July 13, 2009, naming as Defendants Starwood, John Doe Corporation, and John Doe.[3] (Doc. No. 9). In this Complaint, Buckley alleges the curved section of grade change was not reasonably safe, as it lacked adequate marking and appropriate handrails. (Id., ¶¶ 6, 8). She further alleges that Starwood, as the owner and/or operator, or, alternatively, as the actual and/or apparent agent or principal of Hacienda del Mar, negligently failed to use ordinary care to remedy or warn of the curved grade. (Id., ¶¶ 2, 7). Plaintiff therefore requests that this Court find she was injured as a direct result of Starwood's negligence, and award damages accordingly. (Id., ¶ 9, p. 2).

As stated above, Starwood filed the instant Motion to Dismiss on July 23, 2009. (Doc. No. 10). In its motion, Starwood first asserts this action should be dismissed pursuant to Rule 12(b)(6), because it fails to state a claim upon which relief can be granted. (Id., ¶ 2). In the alternative, Starwood asserts this action should be dismissed on the grounds of forum non conveniens, because Mexican courts provide Buckley with an adequate alternative forum, and because both private and public interest factors weigh in favor of litigation in Baja California Sur, Mexico. (Id., ¶ 3).

## DISCUSSION

### I. Starwood's Motion To Dismiss On The Basis Of Forum Non Conveniens

"The principle of forum non conveniens is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Thus, when confronted with a motion to dismiss on the grounds of forum non conveniens, this Court must "balance the preference accorded plaintiff's choice of forum with the burdens of litigating at an inconvenient

---

[3] According to Plaintiff, John Doe Corporation and/or John Doe, "are or were persons, firms or corporations with ownership, maintenance or other interest in Sheraton Hacienda del Mar Resort, Los Cabos, Mexico." (Amd. Compl., ¶ 4).

venue." Reid-Walen v. Hansen, 933 F.2d 1390, 1393 (8th Cir. 1991) (internal quotations and citation omitted). The Court follows a two-step process in determining whether dismissal on the grounds of forum non conveniens is appropriate. First, the Court must determine whether an adequate alternative forum exists. If no such forum exists, the inquiry ends and the motion to dismiss shall be denied. Peabody Holding Co., Inc. v. Costain Group PLC, 808 F.Supp. 1425, 1441 (E.D. Mo. 1992). If such a forum does exist, the Court then must, "balance factors relative to the convenience of the litigants, referred to as the private interests, and factors relative to the convenience of the forum, referred to as the public interests, to determine which available forum is most appropriate for trial and resolution." GreenEarth Cleaning, L.L.C. v. Collidoue Invest France, 2009 WL 1766716, at *3 (W.D.Mo. Jun. 23, 2009) (internal quotations and citation omitted). The Supreme Court has emphasized, however, that the plaintiff's choice of forum should be accorded significant deference, stating that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gilbert, 330 U.S. at 508. See also Peabody Holding Co., 808 F.Supp. at 1441 (citation omitted) ("The doctrine of forum non conveniens is applied only in 'exceptional circumstances.'").

### A.   **Availability Of An Adequate Alternative Forum**

Determining whether an adequate alternative forum is available requires a two-part determination, first of the availability and then of the adequacy of the proposed alternative forum. "An alternative forum is available if all parties are amenable to process and come within the jurisdiction of the forum." Reid-Walen, 933 F.2d at 1393 n.2 (citations omitted). Thus, an alternative forum exists where the defendant has "agreed to submit to the jurisdiction of the [alternative] court[] and to waive any statute of limitations defense that might be available." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 242, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). Furthermore,

"[a]n alternative forum is adequate when the parties will not be deprived of all remedies or treated unfairly." Reid-Walen, 933 F.2d at 1393 n.2 (citation omitted). This does not mean that dismissal is precluded simply because the substantive law of the alternative forum is less favorable to the plaintiffs than that of the chosen forum. Piper Aircraft, 454 U.S. at 247 ("The possibility of a change in substantive law should ordinarily not be given conclusive or even substantial weight in the *forum non conveniens* inquiry."). Rather, the unfavorable change in law should be given substantial weight only if, "the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all." Id. at 254.

Upon consideration, this Court finds that Mexico provides an available alternative forum for this litigation. Starwood has stipulated that it will submit to the jurisdiction of a court in Baja California Sur, or any other proper Mexican court. (Starwood's Memorandum in Support of its Motion to Dismiss Plaintiff's Amended Complaint ("Starwood's Memo in Support"), P. 4). Starwood further stipulates that it will waive any available statute of limitations defenses. (Id.). Plaintiff does not contest these assertions or the availability of a Mexican forum.

This Court also finds that Mexico provides an adequate alternative forum. Starwood asserts that as a foreign plaintiff, Buckley would be able to bring the Mexican equivalent of a tort action in the Mexican court for the territory where the non-contractual obligation was to be performed – here, Baja California Sur. (Starwood's Memo in Support, P. 3). According to Starwood, the remedies available to Buckley in a Mexican court are comparable to those that would be available in this Court. (Id., P. 4). Furthermore, several United States courts, including the Eastern District of Missouri, have found Mexico to be an adequate alternative forum. See, e.g., Garcia v. Ford Motor Co., 2006 WL 2033585, at *1 (E.D. Mo. Jul. 18, 2006); Loya v. Starwood Hotels & Resorts, 2007 WL 1991163, at *6 (W.D. Wash. Jul. 6, 2007) (specifically finding Baja California Sur, Mexico, to be an

adequate alternative forum where the Mexican court would have jurisdiction over all parties and the plaintiffs would be permitted to pursue their claims). Plaintiff does not contest these assertions, or the adequacy of a Mexican forum. The Court thus turns to a discussion of the private and public interest factors, in order to determine the most appropriate forum for trial and resolution.

B. **Private Interest Factors**

Having determined that Mexico provides an available and adequate alternative forum, this Court now must consider and balance the relevant private interest factors, which assess the convenience of the parties. Though no list of factors is exhaustive and no one factor is dispositive, the Supreme Court has stated that those private interest factors most relevant to a forum non conveniens determination include: "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive," including the enforceability of any judgment that may be rendered.[4] Gilbert, 330 U.S. at 508. This Court also may consider the parties' expectations, as well as the defendant's ability to implead additional parties. See Reid-Walen, 933 F.2d at 1398-99.

Weighing such private interest factors, and recognizing that "jurisdiction should be declined only in 'exceptional circumstances,'" Reid-Walen, 933 F.2d at 1395 (quoting Gilbert, 330 U.S. at 504)), the Court finds that the balance of private interest factors here does not favor dismissal of Plaintiff's claims.

---

[4] In assessing the practical problems of litigation, the Eighth Circuit has emphasized that the district courts, "must be alert to the realities of the plaintiff's position, financial and otherwise, and his or his ability as a practical matter to bring suit in the alternative forum." Lehman v. Humphrey Cayman, Ltd., 713 F.2d 339, 346 (8th Cir. 1983) (citations omitted), cert. denied, 464 U.S. 1042 (1984); see also Reid-Walen, 933 F.2d at 1398-99.

### i.  **Deference Due Plaintiff's Choice Of Forum**

At the outset, it should be noted that any balancing of private interest factors must take place against a backdrop of the "heavy presumption against disturbing the plaintiff's forum choice." Reid-Walen, 933 F.2d at 1396. This is particularly true when the plaintiff is an American citizen, and even more so, when the defendant is as well. See id. at 1395-6 (emphasis in original) (citation omitted) (noting that "citizens should rarely be denied access to courts of the United States" and that "when the plaintiff is a U.S. citizen with a real interest in the controversy, the plaintiff's forum choice *always* should be accorded substantial deference at the outset"). Moreover, when the plaintiff is a resident of the chosen forum, "it is reasonable to assume that this choice is convenient." Piper Aircraft, 454 U.S. at 255-56; see also Peabody Holding, 808 F.Supp. at 1442 ("When a plaintiff is a resident of the forum, the resident plaintiff's choice of forum is to be given greater deference that it is convenient and that forum non conveniens is inapplicable.").

In the instant case, Plaintiff Buckley is a Missouri resident and an American citizen. Defendant Starwood is a Maryland corporation. Under these circumstances, although "dismissal should not be automatically barred when a plaintiff has filed in [her] home forum,"[5] Piper Aircraft, 454 U.S. at 255 n.23, the Court recognizes it must, "require positive evidence of unusually extreme circumstances, and should be thoroughly convinced that material injustice is manifest before exercising any such discretion to deny a citizen access to the courts of this country." Lehman, 713 F.2d at 342 (quoting Founding Church of Scientology v. Verlag, 536 F.2d 429, 435 (D.C. Cir. 1976)). With that in mind, the Court turns to a discussion of the relevant private interest factors, to

---

[5] For example, the Eighth Circuit has affirmed the dismissal of a case from the plaintiff's home forum on the basis of forum non conveniens where it was shown that the plaintiff conducted extensive business abroad, including in Canada, the site of the adequate and available alternative forum. See EFCO Corp. v. Aluma Systems USA, Inc., 268 F.3d 601, 603 (8th Cir. 2001).

determine whether Starwood has met its burden of overcoming the deference owed to the citizen Plaintiff's choice of forum.

### ii. Access To Sources Of Proof

With respect to the parties' access to various sources of proof, Starwood contends the evidence Plaintiff requires to prevail on her claim is located almost exclusively in Mexico. (Starwood's Memo in Support, P. 7). Such evidence allegedly consists of, "[o]riginal documentary evidence concerning the events giving rise to this case, including evidence as to whether the hotel knew or should have known of the alleged unsafe condition and control of the alleged unsafe condition." (Id.).[6] Plaintiff counters that evidence relating to Starwood's conduct may be found at Starwood's corporate headquarters, where maintenance policies and other documents would have been generated. (Plaintiff's Suggestions in Opposition of Defendant's Motion to Dismiss ("Plaintiff's Opp."), P. 5). Further, as Plaintiff received medical treatment in the United States, evidence regarding damages may also be found in the United States.

Upon consideration of the foregoing, the Court finds that access to sources of proof weighs slightly in Starwood's favor. In other words, although the gravamen of Plaintiff's claim centers on events that occurred at a Mexican hotel, documentary evidence reflecting Starwood's policies, corporate structure, and relationship to Hacienda del Mar may be found in the United States, as will evidence of Plaintiff's medical care and lost wages. Furthermore, the burden of obtaining what

---

[6] Starwood contends it does not have control of this evidence, as it neither owns nor operates Hacienda del Mar. (Starwood's Memo in Support, P. 7). Plaintiff counters that Starwood holds itself out as the owner or operator of Hacienda del Mar on its website, and thus at minimum, Starwood is the apparent agent or owner/operator of Hacienda del Mar. (Plaintiff's Opp., PP. 2-3). Upon consideration, the Court finds Plaintiff's exhibits suggest there exists some sort of relationship between Starwood and Hacienda del Mar, the nature of which may more accurately be evaluated after discovery. Thus, for the sake of the present motion to dismiss, and in the absence of conclusive evidence to the contrary, the Court will assume that Starwood has a relationship with Hacienda del Mar, such that it may access the relevant documentary evidence.

evidence may be located outside the present forum may be reduced by modern modes of communication and transportation.  See Reid-Walen, 933 F.2d at 1398.

### iii. Attendance Of Witnesses

As a preliminary inquiry, the Court "must examine the materiality and importance of the anticipated witnesses' testimony and then determine their accessibility and convenience to the forum." Reid-Walen, 933 F.2d at 1396 (citation omitted).  In considering the accessibility and convenience of foreign material witnesses, the Eighth Circuit has held that, "the geographical location of the witnesses should not be dispositive [because] [t]he time and expense of obtaining the presence or the testimony of a foreign witness in a local forum are significantly lessened by modes of communication and travel that are commonplace today.  Use of admissions can also eliminate the need for much of the testimony." Lehman, 713 F.2d at 343.  Furthermore, any "foreign witness testimony may be taken, if possible, by deposition or other means." Reid-Walen, 933 F.2d at 1397 (citations omitted).

Defendant Starwood claims that nearly all the relevant witnesses are located in Mexico. (Starwood's Memo in Support, P. 7).  Such witnesses include Hacienda del Mar employees having knowledge of the incident in question or of prior similar incidents, which would go to the question of knowledge and/or notice of the allegedly unsafe condition.[7]  (Id.).  Such witnesses likely would speak Spanish.  (Id.).  Starwood further alleges that experts qualified to testify regarding the standard of care required of a Mexican hotel would most likely reside in Mexico as well.  (Id.).  Starwood

---

[7] Starwood maintains that because the identified witnesses live in Mexico and are employed by entities not party to the current litigation, they are located outside this Court's compulsory process and jurisdiction, and thus letters rogatory pursuant to the Hague Convention on the Taking of Evidence in Civil and Commercial Matters would be required. (Starwood's Memo in Support, P. 8). As stated above, however, for the sake of the present motion the Court assumes Starwood has a relationship with Hacienda del Mar, such that it may compel employees of the hotel to travel in order to testify in any eventual trial of this matter.

finally notes those witnesses willing to testify would be faced with the expense of traveling to and staying in Missouri during the trial. (Id., P. 8).

Plaintiff counters that Buckley herself, her occurrence witnesses, and her medical witnesses, are all located in Missouri, and further, Defendant's corporate witnesses likely are located at Starwood's American corporate headquarters. (Plaintiff's Opp., P. 4). Plaintiff notes Starwood has identified no Mexican witnesses, and states she herself is unaware of any witnesses located in Mexico, with the possible exception of an onsite maintenance worker. (Id.).

Upon consideration, the Court finds that at this stage of the proceedings, this factor weighs in favor of Plaintiff. For example, while the Court recognizes that in terms of materiality and importance of the anticipated witnesses, occurrence witnesses likely are central, neither Plaintiff nor Starwood has identified any such Mexican witnesses, with the possible exception of a Mexican maintenance worker. As for experts, the Court notes such witnesses are likely to appear in whatever forum their client instructs. Furthermore, it is clear that regardless of where this trial ultimately is held, witnesses may be required to travel to a foreign forum or testify by deposition. Reid-Walen, 933 F.2d at 1397. In other words, if dismissal is granted, Plaintiff's occurrence and medical witnesses would need to travel to Mexico to offer testimony, while if dismissal is denied, Starwood's Mexican witnesses and experts would need to travel to Missouri. Starwood has not provided the Court with any idea of the Mexican witnesses it may wish to call, Reid-Walen, 933 F.2d at 1397, and so the Court finds this factor weighs in favor of Plaintiff.

### iv. View Of Premises

The Court finds that a view of the premises of the Hacienda del Mar may prove important to the determination of the instant case. The incident that is the subject of the present litigation occurred more than two years ago, however, and there is no indication that the present state of the premises

is similar or identical to that existing in July, 2007. Furthermore, Plaintiff asserts that photographic evidence of the premises at the time of the incident may render a view of the premises unnecessary.[8] (Plaintiff's Opp., P. 5). The Court therefore finds this factor weighs only slightly in favor of Defendant, if at all.

### v. Practical Considerations

The parties present very little evidence regarding "the realities of the plaintiff's position, financial and otherwise." Lehman, 713 F.2d at 346 (citations omitted). Starwood invites the Court to infer from the fact that Plaintiff previously traveled to Baja California Sur, Mexico, that she would be able to do so again in order to prosecute her claims. (Starwood's Memo in Support, P. 9). This Court declines to draw such a conclusion, however, without additional support.[9] See Reid-Walen, 933 F.2d at 1398 n. 11 ("An individual....who was severely injured while on vacation is in a very different practical and economic position from a large multinational corporation engaging in worldwide business."). Furthermore, neither party has addressed the realities of retaining representation in Mexico. Reid-Walen, 933 F.2d at 1399 (citations omitted) (finding that the plaintiff's "inability to retain counsel in the alternative forum is an important factor counseling against dismissal"). Practical considerations thus are neutral in this Court's evaluation.

### vi. Parties' Expectations

Though not one of the factors the Supreme Court presented for consideration in Gilbert, the Eighth Circuit has taken the parties' expectations about where they anticipated suit into account when analyzing the grounds for forum non conveniens dismissal. See Reid-Walen, 933 F.2d at 1399.

---

[8] According to Plaintiff, photographic evidence of the alleged defect exists. (Plaintiff's Opp., P. 5).

[9] While Plaintiff does not specifically address her financial situation, she does note that forcing her to litigate in Mexico, "would unfairly add expense to the case." (Plaintiff's Opp., P. 5).

Starwood claims that because it is neither the owner nor operator of Hacienda del Mar, it did not expect any litigation in relation to that property, much less in Missouri. (Starwood's Memo in Support, P. 9). Plaintiff, on the other hand, notes she entered into the contract with Defendant in Missouri, and thus Starwood should not be surprised that Missouri is chosen as the forum to decide the instant tort claim. (Plaintiff's Opp., P. 5). Once again, given that the exact nature of Starwood's relationship with Hacienda del Mar remains opaque, the Court finds this factor does not favor dismissal.

### vii.    Ability To Join Or Implead Additional Parties

The Eighth Circuit has also acknowledged the defendant's ability to bring a third-party action against other alleged wrong-doers as a factor to be considered in assessing the parties' private interests. Reid-Walen, 933 F.2d at 1398. It is generally accepted that principles of judicial economy and efficiency favor resolving related claims in one trial. See Piper Aircraft, 454 U.S. at 259. Courts considering this factor, however, "have required a showing of actual convenience to the parties, not mere hypothetical discussion about the efficiency of third-party practice." Reid-Walen, 933 F.2d at 1398 (citations omitted). For instance, a defendant could show that the potential third-party claims were very similar to the plaintiff's, such that holding an additional trial would require the duplication of evidence, as well as risk an inconsistent verdict. Id. (distinguishing Piper Aircraft from Lehman because of the nature of the potential third-party claims as they related to the plaintiffs' claims).

Here, Starwood focuses not on its own ability to implead additional parties, but on Plaintiff's ability to join additional parties. (Starwood's Memo in Support, PP. 8-9). As stated above, in addition to those against Starwood, Plaintiff has brought claims against unknown parties, identified as "John Doe" and "John Doe Corporation." Plaintiff describes these unnamed parties as "persons, firms or corporations with ownership, maintenance or other interest in Sheraton Hacienda del Mar

Resort, Los Cabos, Mexico." (Amd. Compl, ¶ 4). Starwood asserts that should Plaintiff pursue this matter to final judgment and this Court lack jurisdiction over the unknown parties, she then would be estopped from pursuing her claims against the unknown parties. (Starwood's Memo in Support, PP. 8-9).[10]

Upon consideration, the Court finds this factor does not weigh in favor of dismissal. Starwood does not indicate that it plans to bring a third-party action, which would be precluded if the proceedings were to be held in the present forum. Thus, because the Eighth Circuit has focused on the defendant's ability to implead third-parties, and not the Plaintiff's ability to join additional parties, the Court finds this factor weighs in favor of Plaintiff.

### viii. Enforceability

State law governs the recognition of a foreign judgment in the United States. Loya, 2007 WL 1991163 at *8. Missouri state law provides that foreign country judgments are enforceable to the same extent as judgments of a sister state, which are entitled to full faith and credit. Mo. Rev. Stat. § 511.778. Therefore, should this case be dismissed on the basis of forum non conveniens and a judgment ultimately be rendered in Mexico, that judgment likely would be recognized in Missouri. As such, this factor does not weigh against dismissal, but as with all forum non conveniens factors, it is not dispositive.

### C. Public Interest Factors

The Supreme Court has also outlined public interest factors that should be considered when determining the convenience to the chosen forum of conducting the litigation. Such factors include "the administrative difficulties flowing from court congestion; the local interest in having localized

---

[10] According to Starwood, these unknown parties are the real parties in interest. (Starwood's Memo in Support, P. 9).

controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." Piper Aircraft, 454 U.S. at 241 n. 6 (internal quotations and citations omitted).

As does the parties', the Court's analysis of public interest factors focuses on the interests of the forum in the dispute and the question of the substantive law to be applied to the claims.

### i. Interests Of The Forum In The Dispute

"There is a local interest in having localized controversies decided at home." Gilbert, 330 U.S. at 509. Thus, in any forum non conveniens analysis, it is important to balance the interests of the plaintiff's chosen forum with those of the defendant's proposed alternative forum.

The injury at the heart of the present litigation occurred in Baja California Sur, Mexico. C.f. Mizokami Bros. of Arizona, Inc. v. Mobay Chemical Corp., 660 F.2d 712 (8th Cir. 1981) (noting that "most of the relevant events occurred in Mexico"). Starwood argues that any result from this litigation should and would be noticed by the hotel and tourism industry in Baja California Sur, Mexico. (Starwood's Memo in Support, P. 10). In other words, because tourism is central to Baja California Sur's economy, that forum has a significant interest in ensuring that its foreign visitors are treated fairly. (Id.).

Although Defendant persuasively has argued that Mexico and Baja California Sur have significant interests in the outcome of this litigation, Missouri's interests should not be overlooked or discounted entirely. Plaintiff is a Missouri resident who was injured, allegedly during the course of her dealings with Starwood. Plaintiff signed the timeshare contract with Starwood in Missouri. Furthermore, both Starwood and Plaintiff are United States citizens. As such, the State of Missouri

and the United States "have an interest in seeing that the plaintiff is provided a convenient local forum, especially when the only alternative forum available to the plaintiff is outside the United States." Lehman, 713 F.2d at 344 (finding that Iowa and the United States have a strong local interest in a wrongful death action brought by a citizen plaintiff after the presumed death of her citizen husband in the Cayman Islands).

Based on the foregoing, the Court finds this factor to be neutral in its forum non conveniens analysis.

### ii. Application Of Substantive Law

The Supreme Court has held that, "[t]here is an appropriateness…in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." Gilbert, 330 U.S. at 509. The Court assumes without deciding that Mexican tort law will apply to the resolution of Plaintiff's claims. Thus, for purposes of the present analysis this factor, while not dispositive, weighs in favor of dismissal. Peabody Holding Co., 808 F.Supp. at 1443 (internal quotations and citations omitted) ("it is well settled that the fact a federal court may have to apply foreign law is not dispositive on the forum non conveniens inquiry").

### D. Summary

As noted above, Starwood bears the burden of proving that Plaintiff's chosen forum is, "oppressive and vexatious to the defendant 'out of all proportion to plaintiff's convenience.'" Reid-Walen, 933 F.2d at 1395 (quoting Koster v. Lumbermens Mut. Casualty Co., 330 U.S. 518, 524 (1947)). Based on the foregoing, the Court finds that at this time, Starwood has not met this significant burden, and thus has not established that Plaintiff's Amended Complaint should be dismissed on forum non conveniens grounds. See Peabody Holding Co., 808 F.Supp. at 1441

(internal quotations and citations omitted) ("The defendant has the burden of persuasion in proving all elements necessary for the court to dismiss a claim based on forum non conveniens [and a]ny conflicts as to the relevant facts are to be resolved in favor of plaintiffs."). See also Lehman, 713 F.2d at 342 (reversing dismissal of action on forum non conveniens grounds where district court itself found it was a "close question").

## II. Defendant's Motion To Dismiss For Failure To State A Claim

As stated above, in its Motion to Dismiss Starwood asserts this action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. (Starwood's Motion to Dismiss, ¶ 2). Specifically, Starwood alleges Plaintiff's Amended Complaint fails to support the legal conclusions contained therein with sufficient factual assertions. (Id.).

In ruling on a motion dismiss, the Court must view the allegations in the complaint in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008). The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The Complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing

Twombly, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

Upon consideration, the Court will deny Starwood's 12(b)(6) motion to dismiss without prejudice. As noted above, Plaintiff's exhibits suggest there exists some sort of relationship between Starwood and Hacienda del Mar, the nature of which may more accurately be evaluated after discovery. Furthermore, the Court declines to decide at this time whether Mexican or Missouri law applies to the instant dispute. In light of these circumstances, the Court finds it inappropriate to dismiss on the basis of failure to state a claim at this juncture.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Starwood Hotels & Resorts Worldwide, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 10) is **DENIED**.

Dated this 27th day of October, 2009.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE