UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERTA BUCKLEY, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:09CV692 JCH |
| ) | |
| SHERATON OVERSEAS MANAGEMENT ) | |
| CORPORATION, ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Sheraton Overseas Management Corporation's ("SOMC") Motion to Dismiss Plaintiff's First Amended Complaint, filed April 29, 2010. (Doc. No. 41). Plaintiff has not responded to the motion.[1]

## **BACKGROUND**

Plaintiff Roberta Buckley is a resident of the State of Missouri. (Doc. No. 27, ¶ 1). Defendant SOMC is a Delaware corporation, with its principal place of business in New York. (Doc. No. 42, P. 6). In her First Amended Complaint, filed against Defendant SOMC[2] on March 22, 2010, Plaintiff alleges that on June 17, 2007, she was a business invitee on the property of Sheraton Hacienda del Mar Resort, Los Cabos, Mexico, when she fell on a curved section of grade change without appropriate hand rail or adequate marking. (Doc. No. 27, ¶ 9). Plaintiff alleges Defendant

---

[1] On May 11, 2010, the Court denied Plaintiff's Motion to Continue Defendant's Motion to Dismiss (Doc. No. 44). Plaintiff's attorney then indicated via telephone that in light of such denial, he did not intend to file a response to Defendant's motion.

[2] Plaintiff named Starwood Hotels & Resorts Worldwide as an additional Defendant in her First Amended Complaint. (Doc. No. 27). On April 7, 2010, however, the Court granted Plaintiff's request for leave to dismiss her cause of action against Starwood Hotels without prejudice. (Doc. Nos. 37, 38).

was negligent, as it failed to use ordinary care to remedy or warn of the condition. (Id., ¶ 10). Plaintiff further maintains that as a direct result of Defendant's negligence, she sustained injuries to the various bones, joints, muscles, nerves and systems of her body, and has incurred medical expenses in an amount in excess of $98,060.15. (Id., ¶ 12).

As stated above, on April 29, 2010, Defendant filed the instant Motion to Dismiss Plaintiff's First Amended Complaint, in which it makes the following arguments: (1) that Plaintiff's action must be dismissed, as this Court lacks personal jurisdiction over Defendant; and (2) that alternatively, Plaintiff's action should be dismissed pursuant to the doctrine of *forum non conveniens*. (Doc. No. 41). Because it is dispositive, the Court will address only Defendant's personal jurisdiction argument.

## **DISCUSSION**

As stated above, in its Motion to Dismiss Defendant contests whether this Court properly may exercise personal jurisdiction over it. In the context of a motion to dismiss, this Court has held as follows:

> The party invoking jurisdiction of a federal court bears the burden to show that jurisdiction exists. To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff is only required to make a prima facie showing of personal jurisdiction over the defendant. If the district court relies on pleadings and affidavits, the court must look at the facts in the light most favorable to the party invoking personal jurisdiction, and resolve all factual conflicts in favor of that party.

Anheuser-Busch, Inc. v. City Merchandise, 176 F.Supp.2d 951, 955 (E.D. Mo. 2001) (internal citations omitted).

A federal court engages in a two-step inquiry to determine whether it may exercise jurisdiction over a non-resident defendant. First, the court must determine whether the defendant committed one of the acts enumerated in the state long-arm statute. Angelica Corp. v. Gallery Mfg. Corp., 904 F.Supp. 993, 996 (E.D.Mo. 1995). If so, then the court must determine, "whether the exercise of

personal jurisdiction over [the] defendant comports with the Due Process Clause of the Fourteenth Amendment." Id. (citations omitted).

The Eighth Circuit has held that, "[n]onresidents are subject to personal jurisdiction to the extent that state law allows." Dominium Austin Partners, L.L.C. v. Emerson, 248 F.3d 720, 726 (8th Cir. 2001) (citation omitted). "Missouri liberally construes the provisions of its long-arm statute in order to exercise its jurisdiction to the fullest extent permitted by the Due Process Clause, within the specific categories enumerated in the statute." City Merchandise, 176 F.Supp.2d at 955 (internal quotations and citations omitted); see also Institutional Food Marketing Assoc., Ltd. v. Golden State Strawberries, Inc., 747 F.2d 448, 453 (8th Cir. 1984); Peabody Holding Co., Inc. v. Costain Group PLC, 808 F. Supp. 1425, 1432 (E.D. Mo. 1992) (internal quotations and citation omitted) ("The legislature, in enacting this statute, sought to extend the jurisdiction of Missouri courts to numerous classes of out-of-state defendants who could not have been sued in Missouri under the preexisting law."). "As such, 'the examination of whether Missouri's long-arm statute has been satisfied is coextensive with whether the assertion of personal jurisdiction over the defendant meets the requirements of due process, and the analysis is collapsed into the single question of whether asserting jurisdiction violates the Due Process Clause.'" Meredith, Inc. v. Marketing Resources Group of Oregon, Inc., 2005 WL 2334294 at * 2 (E.D. Mo. Sep. 23, 2005), quoting Bell v. Imperial Palace Hotel/Casino, Inc., 200 F.Supp.2d 1082, 1085 (E.D. Mo. 2001).

In analyzing whether a party's contacts with the forum comport with the dictates of constitutional due process, the Eighth Circuit has held as follows:

> The Due Process Clause requires that minimum contacts exist between the nonresident defendant and the forum state before the court can exercise jurisdiction over the defendant. Sufficient contacts exist when the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being

haled into court there[3], and when maintenance of the suit does not offend traditional notions of fair play and substantial justice. In assessing the defendant's reasonable anticipation, there must be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.

Miller v. Nippon Carbon Co., Ltd., 528 F.3d 1087, 1090-91 (8th Cir. 2008) (internal quotations and citations omitted).

In this circuit, the due process standard has been expressed as a consideration of five factors: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." Miller, 528 F.3d at 1091 (internal quotations and citations omitted). The first three factors are primary considerations, while the latter two are secondary. Norrise v. Union Pacific R. Co., 2008 WL 2859155 at *3 (E.D. Mo. Jul. 23, 2008). Because the first three factors are closely interrelated, the Court will consider them together.

In her First Amended Complaint, Plaintiff asserts Defendant had the following contacts with Missouri: (1) Defendant actively advertised that it owns and operates the Sheraton Hacienda del Mar Resort, Los Cabos, Mexico, and invited Plaintiff and others similarly situated to do business with it through its website; and (2) Plaintiff and Defendant entered into a contract, whereby Plaintiff was entitled to a "timeshare" ownership in Defendant's property at Sheraton Hacienda del Mar Resort, Los Cabos, Mexico. (Doc. No. 27, ¶¶ 5, 6).

Upon consideration, the Court finds these facts insufficient to indicate Defendant has, "purposely avail[ed] itself of the privilege of conducting activities within [Missouri], thus invoking the benefits and protections of its laws," for several reasons. Hanson v. Denckla, 357 U.S. 235, 253,

---

[3] In other words, the defendant's contacts with the forum state must be more than "random," "fortuitous," or "attenuated." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985) (citations omitted).

78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958) (citation omitted). First, Defendant asserts by way of uncontroverted affidavit that it does not own or operate the timeshare portions of the Hacienda del Mar resort.[4] (Doc. No. 42-1, ¶ 6). Defendant points out Plaintiff entered into the contract at issue with the true owner of the timeshare portions, Quinta del Golfo de Cortez, S.A. de C.V. (Doc. No. 42, P. 4).[5] Thus, even assuming Plaintiff signed the contract in Missouri[6], it may not serve as a contact of Defendant's with the forum state.

Second, with respect to Defendant's alleged business dealings in Missouri, Defendant asserts, again by way of uncontroverted affidavit, that it is not registered to do business in Missouri, and has no real estate, offices, equipment, bank accounts, investments, or employees in the State of Missouri.[7] (Doc. No. 42-1, ¶¶ 5, 7). Plaintiff thus is left with her allegation that Defendant invited Plaintiff and

---

[4] SOMC does acknowledge it is the operator of the hotel portion of the Hacienda del Mar Resort in Los Cabos. (Doc. No. 41, P. 1).

[5] That Defendant was not a party to the contract is made explicit by the terms of the agreement itself, as follows: "Your home resort, Hacienda del Mar Vacation Club, is not owned or Operated by Sheraton Hotels or its parents company Starwood Lodging. Sheraton operates the hotel section of the resort, Sheraton Hacienda del Mar Resort and Spa, under a management agreement with Hacienda del Mar and is in no way related to your vacation ownership." (Doc. No. 35-1, P. 2).

[6] The contract itself says it was formalized in Cabo San Lucas, B.C.S., Mexico. (Doc. No. 35-1, P. 2).

[7] In light of these deficiencies, Plaintiff cannot establish general jurisdiction over Defendant. See Norrise, 2008 WL 2859155 at *4 (internal quotations and citations omitted) ("General jurisdiction arises when a defendant's contacts with the forum state are so continuous and systematic that the defendant may be subject to suit there for causes of action entirely distinct from the in-state activities."). See also Bell, 200 F.Supp.2d at 1090-92.

others in Missouri to do business with it through its website.[8] Taken alone, the website does not favor an exercise of personal jurisdiction. Bell, 200 F.Supp.2d at 1088.[9]

The central reason why Plaintiff fails to establish the necessary minimum contacts for specific jurisdiction, however, is because she fails to demonstrate that her cause of action has any relation to Defendant's alleged contacts with Missouri. Bell, 200 F.Supp.2d at 1088. In other words, from the record before the Court, Defendant's only contact with Missouri was a website allegedly accessible to residents in Missouri. Id. In contrast, the subject of Plaintiff's suit is a slip and fall accident that occurred in Mexico, an event wholly unrelated to Defendant's website. Id. Thus, there is no causal link or relationship between Plaintiff's accident and the sole forum contact by Defendant, its website. Id. "Without such a connection, specific personal jurisdiction does not exist." Id. (citations omitted). See also Digi-Tel Holdings, Inc. v. Proteq Telecommunications, Ltd., 89 F.3d 519, 525 (8th Cir. 1996) ("The contacts with [Missouri] appear at best as inconsequential rather than substantial under these circumstances....Given the nature and quality of [Defendant's] contacts with [Missouri], traditional notions of fair play and substantial justice indicate that [Defendant] would not expect to litigate in the State of [Missouri].").[10] Defendant's Motion to Dismiss will therefore be granted.

## CONCLUSION

Accordingly,

---

[8] Plaintiff does not claim that she used the website to do business with Defendant, or even that she visited the website prior to her stay in Mexico.

[9] According to Defendant, SOMC has neither specifically targeted Missouri residents with advertising, nor used a marketing firm specifically to reach Missouri residents. (Doc. No. 42-1, ¶¶ 10, 11). See Bell, 200 F.Supp.2d at 1088.

[10] The Court's consideration of the "secondary factors" does not alter its conclusion. First, although Missouri normally would have an interest in providing a forum for its resident, it has "no particular interest in providing a forum" for a tort and injury that occurred in Mexico. Bell, 200 F.Supp.2d at 1089. With respect to the fifth criterion, the Court notes the balance of convenience to the parties either is neutral, or favors Defendant. Id.

**IT IS HEREBY ORDERED** that Defendant Sheraton Overseas Management Corporation's Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction (Doc. No. 41) is **GRANTED**, and Plaintiff's First Amended Complaint is dismissed without prejudice. An appropriate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint for *forum non conveniens* (Doc. No. 41) is **DENIED** as moot.

Dated this 20th day of May, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE